UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

Inspired Pursuits, LLC, et al.,

        Plaintiffs,

    v.

Miller & Martin PLLC, et al.,

        Defendants.

Case No. 3:25-cv-00073-wmc

---

**JOINT RULE 26(f) REPORT**

---

The counsel identified below participated in a meeting required by Federal Rule of Civil Procedure 26(f) via email and jointly prepared the following report. The Rule 16 telephonic scheduling conference for this matter is scheduled to occur on May 6, 2025, at 3:00 p.m. CST, before the Honorable Anita M. Boor. Attorney Mayville La Rosa will appear telephonically for Plaintiffs and Attorneys Kendall Harrison and Douglas Bruno will appear telephonically for Defendants.

**1.**     <u>**Nature of the Case.**</u>

Plaintiffs assert two trade secret misappropriation claims against Defendants arising out of Defendants' representation of Paragon Components Systems, Inc. in a related lawsuit[1] filed by Paragon against Plaintiffs ("*Paragon*"). Plaintiffs contend that Defendants unlawfully disclosed trade secrets in violation of 18 U.S.C. § 1836(b) and Wis. Stat. § 134.90 by filing certain exhibits on the public docket in *Paragon*. Defendants have filed a motion to dismiss based on lack of personal jurisdiction and failure to state a claim. Plaintiffs filed an opposition to the motion to dismiss.

---

[1] *See Paragon Component Sys., LLC v. Qualtim, Inc. et al.*, 25-cv-00075.

2.   **Related Case(s).**

There are two related cases. The first is *Inspired Pursuits, LLC et al. v. Paragon Component Sys., LLC, et al.*, Case No. 25-cv-00075. The Rule 16 scheduling conference is set for May 8, 2025, at 2:30 p.m. The second is *Paragon Component Sys., LLC v. Qualtim, Inc. et al.*, Case No. 25-cv-00170. The Rule 16 scheduling conference is set for May 8, 2025, at 3:00 p.m.

3.   **Statement of Factual and Legal Issues.**

The primary legal issues are: (1) whether any of Plaintiffs' material qualifies as a trade secret and (2) if it does, whether Defendants acquired the trade secret under circumstances giving rise to a duty to maintain its secrecy or limit its use. The primary factual issues are (1) whether Defendants knew or had reason to know at the time of disclosure that the material was a trade secret and was acquired under circumstances giving rise to a duty to maintain its secrecy and (2) Plaintiffs' damages.

4.   **Amendment to the Pleadings.**

The parties do not anticipate amending the pleadings.

5.   **Identity of Any Additional Parties.**

The parties do not anticipate adding additional parties.

6.   **Dispositive Motions.**

The parties suggest that dispositive motions be due January 8, 2026.

7.   **Estimated Length and Date of Trial.**

Plaintiffs have demanded a jury trial. If a trial is necessary, the parties estimate it would take no more than three days. The parties suggest that trial begin on June 15, 2026.

**8.     Possibility for Prompt Resolution or Settlement.**

The parties are not currently ready for alternative dispute resolution.

**9.     Discovery Plan and Schedule.**

    **A.     Rule 26(a) Initial Disclosures.**

The parties do not believe any changes need to be made to the timing, form, or requirement of disclosures under Rule 26(a) and agree to exchange initial disclosures on or before May 20, 2025.

    **B.     Subjects and Completion of Discovery.**

        **i.     Subjects on which discovery may be needed.**

The parties agree that the subjects of discovery may include the facts and circumstances surrounding the alleged trade secret information, the parties' communications about that information before Defendants filed the *Paragon* lawsuit, Plaintiffs' damages, and any other facts related to or issues that may arise concerning Defendants' liability and/or affirmative defenses.  The parties anticipate that discovery may include written interrogatories, requests for production of documents, requests for admission, third-party subpoenas, and depositions of lay and expert witnesses.

        **ii.     Time to complete discovery.**

The parties agree that all discovery, including expert discovery, shall be completed by April 30, 2026.  In the event experts are needed as to liability or damages, the parties agree that Plaintiffs will disclose any such experts and reports by February 13, 2026, and that the Defendants will disclose any such experts and reports by March 13, 2026.

  **iii.**  **Phased or limited discovery.**

  The parties agree that discovery does not need to be conducted in phases.

**C.** **Disclosure or Discovery of ESI.**

  At this time, the parties do not anticipate any undue burden, excessive expenses, or any other special issues related to the disclosure or discovery of electronic information but will promptly address any issues that do arise during discovery. Unless specifically requested otherwise, the parties agree that they will initially produce currently electronically stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI.

**D.** **Procedures Regarding Claims of Privilege and Work Product Protection.**

  At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced if there is notice of the inadvertent production within ten days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently protected information will not use the information, in any way, in the prosecution of the recipient's case or related cases. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege.

**E.   Limitations on Discovery.**

The parties do not propose any changes to the limitations on discovery set forth by the Federal Rules of Civil Procedure.

**F.   Other Orders.**

The parties do not contemplate any additional orders that should be entered by the Court other than the Scheduling Order and a forthcoming stipulated protective order regarding confidentiality.

Dated: April 28, 2025

                GODFREY & KAHN, S.C.

                 *s/Kendall W. Harrison*
                Kendall W. Harrison
                State Bar No. 1023438
                Douglas Bruno
                State Bar No. 1140716
                One East Main Street, Suite 500
                Madison, WI 53703
                Phone: 608-257-3911
                Fax: 608-257-0609
                kharrison@gklaw.com
                dbruno@gklaw.com

                *Attorneys for Defendants Miller & Martin PLLC, et al.*

                LAW OFFICES OF MAYVILLE LA ROSA, ESQ.

                 *s/Mayville La Rosa*
                Mayville La Rosa
                State Bar No. 1119613
                200 E. Verona Ave. #5003
                Verona, Wisconsin 53593
                Phone: 608-800-7353
                mlarosa@kfinnovations.com

                *Attorney for Plaintiffs Inspired Pursuits, LLC, DRJ Engineering, LLC, Qualtim, Inc., Center for Building Innovation, LLC, and Kirk and Suzanne Grundahl.*

32862880.2